[No. 23666. Department One. June 29, 1932.]
WESTERN FINANCE CORPORATION, *Respondent*, v. M. W. MORRIS *et al.,*
*Appellants.*[1]

*Thos. L. O'Leary,* for appellants.
*L. B. Donley* and *Leonard E. Top,* for respondent.

MITCHELL, J—The Western Finance Corporation, a corporation, was and is a private corporation engaged in a general finance business in Olympia. M. W. Morris, J. L. Peters and Arthur I. Watson, all of whom were and are married, were trustees of the corporation, of which M. W. Morris was manager. While acting as such trustees and manager, M. W. Morris, J. L. Peters and Arthur I. Watson, as co-partners, owned and operated a restaurant, golf course and dancing resort business under the name of the "Palm Grove," in a building in the city of Olympia. While the parties were thus engaged, certain moneys of the Western Finance Corporation were misappropriated by Morris and used by and on behalf of the co-partnership doing business as the Palm Grove.

This action was brought by the Western Finance Corporation against M. W. Morris and wife, J. L. Peters and wife, and Arthur I. Watson and wife, to recover the sum of $4,600 alleged to have been thus misappropriated and used. Upon issues made by the complaint and answer, a trial was had that resulted in findings and conclusions in favor of plaintiff and against the defendants named, upon which findings judgment was entered in the sum of three thousand dollars and interest.

R. W. Salter and wife were made defendants in the action because he, as auditor of the plaintiff corporation, signed the checks by which the funds of the corporation were diverted to the business of the Palm Grove, by direction of Morris, the manager, which signing, however, it seems was without liability on the part of Salter, who with his wife was dismissed out of the case.

Defendants Morris and wife, Peters and wife, and Watson and wife, have appealed from the judgment against them.

A larger amount of respondent's money than that mentioned in the complaint or in the judgment was used on behalf of appellants in the co-partnership business known as the Palm Grove, some of which money had been paid, leaving only the amount stated in the judgment still due. That money belonging to the respondent was taken and used in the co-partnership, there is no dispute. Ap-

[1]Reported in 12 P. (2d) 932.

pellants claim that it was used on behalf of the respondent and in protection of one of its outstanding securities, while the respondent contends that the money was misappropriated for the benefit of the co-partnership business. So that, as appellants say, "the question now arises whether the intentions of appellants were good or otherwise" when they used respondent's money for which the suit was brought.

The trial court in its findings, which need not be set out herein, decided that money to the amount still unpaid and covered by the judgment

". . . so taken and appropriated was not devoted to any corporate use or purpose, but was appropriated and converted to the use of said co-partnership by the defendant M. W. Morris."

The evidence clearly preponderates in favor of the findings, which in turn sustain the judgment.

Affirmed.

MILLARD, MAIN, BEALS, and HERMAN, JJ., concur.